Mathews, J.
delivered the opinion of the court. In this case the plaintiffs claim title to the land described in their petition, as heirs to their father. They state, in an amendment to the pleadings, that he disappeared in the year 1799, and has not since been heard of. The right of the ancestor to the property in dispute, is not contested; as the defendants claim by virtue of title derived from him, through Mad. Trepagnier, the mother of the plaintiffs, to whom it is alleged to have been adjudicated by a competent tribunal of the Spanish government, while in the exercise of rightful sovereignty and jurisdiction over this country.
The first and most important inquiry, necessary to a just decision of the cause, relates to the conclusiveness of that adjudication, on the rights of the present contending parties. The manner in which it was made, and the evidence on which the proceeding of the Spanish tribunal were founded, do not fully appear, in consequence of the loss of the record, which contained that history. To sup *535 ply these defects, testimonial proof has been resorted to; and it must be presumed, properly admitted, as no objection seems to have been made to its introduction. This proof establishes the fact of an adjudication of the property of the father of the plaintiffs to their mother; and if legally made, by competent authority, certainly transferred it in full title and dominion to her. But the legality of that decision cannot here be inquired into, without violating principles recognised by this court in the cases of Aubry & wife vs. Folse & wife, and Dufour vs. Camfranc, which were settled after much deliberation, and which we still believe to be correct and sound. See 11 Martin, 308 and 608.
As the judgment, by which Mad. Trepagnier acquired title to the property now in dispute, is not open to examination, the evidence on which it was based, is no more subject to review than the law. Every thing must be presumed to have been properly conducted, and that Trepagnier was, quoad the proceedings in that case dead in 1799.
The widow, who sold to the defendants, having acquired the property by the adjudication of the Spanish tribunal, and having re *536 gularly transferred it to them, we are of opinion, that they hold under a valid title, and that there is no error in the judgment of the district court.
Moreau for the plaintiffs, Duncan for the defendants.
It is therefore ordered, adjudged and decreed, that said judgment be affirmed with costs.